UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM DAVIS,

                            Plaintiff,

        v.

CLARK COUNTY SUPERIOR COURT,
CLARK COUNTY WASHINGTON,
CLARK COUNTY SUPERIOR COURT
JUDGE JOHN P. WULLE,

                            Defendants.

No. C12-5693 RJB/KLS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Plaintiff has been granted leave to proceed *in forma pauperis*.  The Court has reviewed Plaintiff's proposed civil rights complaint.  ECF No. 6.  The complaint seeks only relief in habeas.  For that reason, the Court declines to serve the complaint in this case.  Plaintiff shall show cause why this case should not be dismissed.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).   A complaint is legally frivolous when it

ORDER TO SHOW CAUSE- 1

lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff purports to sue the Clark County Superior Court, Clark County Washington, and the Hon. John P. Wulle, a Clark County Superior Court Judge. He alleges that, despite being ordered by the Washington State Supreme Court to do so, the Clark County Superior Court failed to act on his motion to withdraw his guilty plea. ECF No. 6. He attaches an Order from the Supreme Court of Washington dated February 8, 2012 in Case No. 86455-1 in *William Davis v. Clark County Superior Court and Judge John P. Wulle.* ECF No. 6, p. 12. He

ORDER TO SHOW CAUSE- 2

1   alleges that has not yet been granted a hearing in his state criminal case to withdraw his guilty

2   plea. *Id.*, pp. 7-8.

3           This proposed civil rights complaint appears to challenge the propriety of ongoing

4   proceedings in Clark County Superior Court.  Generally, federal courts will not intervene in a

5   pending criminal proceeding absent extraordinary circumstances where the danger of irreparable

6   harm is both great and immediate.  See *Younger v. Harris*, 401 U.S. 37, 45  46 (1971);  see also

7   *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116

8   S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important

9   state interests and offer adequate opportunity to litigate federal constitutional issues); *World*

10  *Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger

11  abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial

12  proceeding;  (2) implication of an important state interest in the proceeding;  and (3) an adequate

13  opportunity to raise federal questions in the proceedings).

14          Only in the most unusual circumstances is a petitioner entitled to have the federal court

15  intervene by way of injunction or habeas corpus before the jury comes in, judgment has been

16  appealed from and the case concluded in the state courts.  *Drury v. Cox*, 457 F.2d 764, 764 65

17  (9th Cir.1972).  See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), *cert. denied*, 449 U.S.

18  1014 (1980).  Extraordinary circumstances exist where irreparable injury is both great and

19  immediate, for example where the state law is flagrantly and patently violative of express

20  constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual

21  circumstances that would call for equitable relief.  *Younger*, 401 U.S. at 46, 53-54.  There are no

22  extraordinary circumstances here warranting intervention by this Court in any ongoing state

23  proceeding.

ORDER TO SHOW CAUSE- 3

In addition, Plaintiff purports to sue the Clark County Superior Court and Clark County Washington.  As noted above, Plaintiff must name the particular official or officials whom he alleges violated his constitutional rights.  He must show that the alleged unconstitutional deprivation of rights of which he complains arises from a governmental custom, policy, or practice.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  A municipality's "policy can be one of action or inaction," although "[b]oth types of claims require that the plaintiff prove a constitutional violation."  *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010).  In the absence of a formal policy, Plaintiff must identify a "longstanding practice or custom which constitutes the standard operating procedure" that caused his alleged constitutional deprivation, and this practice or custom cannot be "predicated on isolated or sporadic incidents[.]"  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996). Thus, to state a constitutional claim against a municipality, a plaintiff must (1) identify the specific "policy" or "custom," (2) fairly attribute the policy or custom and fault for its creation to the municipality, and (3) establish the necessary "affirmative link" between the identified policy or custom and the specific constitutional violation.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).  Plaintiff's complaint is devoid of any such allegations.

Plaintiff is also advised that judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

The docket reflects that Plaintiff is currently incarcerated at the Airway Heights Corrections Center-MSU.  It is unclear whether Plaintiff is attempting to file a civil rights suit

ORDER TO SHOW CAUSE- 4

that, in fact, challenges the duration of his current confinement.  To the extent Plaintiff is challenging the duration of his current confinement, a writ for habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997).  This is true even though a section 1983 claim is based on "the alleged unconstitutionality of state administrative action."  *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).   State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must dismiss the petition.  *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

There is no allegation that Plaintiff's current conviction has been invalidated by a court of executive order.  Therefore, any judgment in his favor in this case would necessary imply the invalidity of his sentence, as the logical consequence of such a judgment would be an earlier release from prison.  Accordingly, Plaintiff's claim must first be considered in a state petition for

ORDER TO SHOW CAUSE- 5

habeas corpus and the claim must be appealed through all levels of the state appellate courts before it can be brought in the federal district court for review.

Plaintiff is **ORDERED** to show cause why the Court should not dismiss this case as frivolous.  Plaintiff must file a response with this Court on or before **October 18, 2012.**  If he fails to do so, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**DATED** this  17th  day of September, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE- 6